IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN BARNES | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No. DKC-19-3094 (Related Case: DKC-13-281) |
| OFFICER THOMAS KELLY, MICHELLE HANSEN, | * | |
| | * | |
|    Defendants | | |

\*\*\*

**MEMORANDUM OPINION**

Self-represented Plaintiff Juan Barnes filed the above-captioned complaint on October 21, 2019, along with a prisoner trust fund account (ECF No. 2). By his complaint Barnes, who is currently incarcerated at Western Correctional Institution ("WCI"), invites this court to revisit its Memorandum Opinion and Order issued in Civil Action DKC-13-281, claiming the court "made a mistake when it dismissed the suit as time bar" (sic). ECF No. 1 at 1. To the extent Barnes' prisoner trust fund account is meant to be a motion to proceed *in forma pauperis*, it will be granted. For reasons that follow, the complaint must be dismissed.

This court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

In *Barnes v. Kelly, et al.*, Civil Action DKC-13-281 (D. Md. 2013) (hereinafter *Barnes I*), the court granted Defendants' unopposed motion to dismiss in a Memorandum Opinion and Order dated July 18, 2013. Barnes sued Michele Hansen and Thomas Kelly in connection with his search and subsequent arrest on September 12, 2009. *Barnes I* at ECF No. 20 at 1. The complaint in that case was filed on January 24, 2013; and this court found that Barnes "possessed sufficient knowledge of the facts underlying his claim for unlawful search and seizure on September 12, 2009, the date of his initial appearance in District Court; or in the alternative, November 17, 2009, the date of his appearance in Circuit Court." *Id*. at 6. For that reason, the court found that Barnes' Fourth Amendment claim asserted against Thomas Kelly was time-barred. *Id*. However, the untimely filing of the complaint was not the sole basis for its dismissal. Rather, the court dismissed the claim as to Hansen, the Assistant State's Attorney who prosecuted the criminal case against Barnes, because the complaint made no specific allegations against her and because she was entitled to prosecutorial immunity. *Id*. at 3-4. The claim against the City of Hagerstown was dismissed because Barnes failed to allege facts to support a theory of municipal liability. *Id*. at 6-7 citing *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 692-94 (1978). The pendent state claims were dismissed with prejudice due to Barnes' failure to comply with the notice requirements of Maryland's Local Government Tort Claims Act. *Id*. at 7. Barnes did not appeal this court's decision.[1]

To the extent the complaint seeks relief in the context of *Barnes I*, it fails to state a cognizable basis for relief from that judgment. Rule 60 permits relief from a judgment or order of this court in order to correct clerical mistakes; oversights and omissions. Fed. R. Civ. Proc. 60(a).

---

[1] Barnes did file a motion for reconsideration pursuant to Fed. R. Civ. P. 60 on July 1, 2019. *Barnes I* at ECF No. 26. That motion will be addressed by separate Order in *Barnes I*.

A party may also be granted relief from judgment on motion for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, release or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b). It is within this court's discretion to grant or deny a motion filed pursuant to Rule 60(b). *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 265 (4th Cir. 1993). The rule does not contemplate its substitution for appellate review of a district court's decision. To the extent a party is aggrieved by a judgment and asserts it is void, Rule 60 (b) is not the proper vehicle to mount that challenge. "'[A] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (quoting *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992)) (quoting 11 Wright & Miller, *Federal Practice and Procedure* § 2862 at 198-200 (1973)).

The "mistake" Barnes claims this court made relates to the date he filed his complaint in *Barnes I*. ECF No. 1 at 1. He asserts that his complaint was filed in December of 2012 and that he raised a claim of malicious prosecution against Michele Hansen. *Id*. Review of Barnes's initial complaint in *Barnes I* reveals that it was mailed to this court on January 22, 2013, and received two days later when it was docketed. *Barnes I* at ECF No. 1. Further, in his supplemental complaint dated January 28, 2013, Barnes raised claims of "4th Amendment violation unlawful search seizure; False Arrest; False Imprisonment; Negligence." *Barnes I* at ECF No. 3 at 3. In neither the original complaint nor the supplemental complaint did Barnes explain the basis for his

claim against Hansen. Barnes's allegations against Hansen stated in the instant complaint were never before this court. *See* ECF No. 1 at 2-4. His assertion that this court's decision was incorrect would have been a basis for appellate review, not for post-judgment relief.

To the extent Barnes is attempting to file a new claim against Hansen for malicious prosecution, the claim is barred by the doctrine of *res judicata*. *Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). This doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id*. at 354-55. Although *res judicata* must ordinarily be pleaded as an affirmative defense, a court may raise the defense on its own motion if it is "on notice that it has previously decided the issue presented." *Arizona v. California*, 530 U.S. 392, 412 (2000); *accord Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208-10 (4th Cir. 2013); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). Such an action is warranted based on one of the underlying purposes of *res judicata*, "avoidance of unnecessary judicial waste." *Arizona*, 530 U.S. at 412.

Barnes states he was acquitted by a jury in April of 2010.[2] ECF No. 1 at 2. Affording the instant complaint liberal construction, it is clear that Barnes intended to raise a malicious prosecution claim in *Barnes I*, but failed to delineate the claim or to even include facts related to

---

[2] A cause of action for malicious prosecution requires "termination of the prior criminal proceeding in favor of the accused" *see Heck v. Humphrey*, 512 U. S. 477, 484 (1994), and "does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Id*. at 489.

4

Hansen's alleged malice in proceeding with the prosecution against him. Because the claim could have been raised in the prior suit, but was not, Barnes is now precluded from doing so in a newly filed civil action more than six-years after the original complaint was dismissed. Defendants in *Barnes I* are entitled to rely on the finality of the judgment entered in their favor and for which no appellate review was sought.

By separate Order which follows, the complaint shall be dismissed.

November 1, 2019

/s/
DEBORAH K. CHASANOW
United States District Judge